IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,084






EX PARTE STEPHANIE RAE GALLEGOS, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM HARRIS COUNTY





 Per Curiam.

O P I N I O N





 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of the felony
offense of murder, and punishment was assessed at life imprisonment. Applicant appealed,
and her conviction was affirmed. Gallegos v. State, No. 12-02-00453-CR (Tex. App. -- 14th
Dist. Houston, delivered September 12, 2003).

 Applicant contends that she was denied an opportunity to have her petition for
discretionary review considered, because her appellate attorney failed to timely file the
petition after requesting and receiving an extension of time from this Court. The trial court,
based upon an affidavit from appellate counsel, found that Applicant relied on her appellate
counsel's assurances that a petition for discretionary review would be filed on Applicant's
behalf. The record reflects that counsel misplaced the card from this Court containing the
new deadline for filing the petition, and did not timely file the petition for discretionary
review.

 Habeas corpus relief is granted, and Applicant is granted leave to file an out-of-time
petition for discretionary review from her conviction in cause number 869578-B from the
183rd Judicial District Court of Harris County. Applicant is ordered returned to the point at
which she can file a meaningful petition for discretionary review. For purposes of the Texas
Rules of Appellate Procedure, all time limits shall be calculated as if the Court of Appeals'
decision had been rendered on the day the mandate of this Court issues. We hold that should
Applicant desire to seek discretionary review, she must take affirmative steps to see that her
petition is filed in the Court of Appeals within thirty days of the date the mandate of this
Court has issued.

 


DELIVERED: February 2, 2005

DO NOT PUBLISH